UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                     **CRIMINAL ACTION**

**VERSUS**                                                          **No. 05-127**

**KEITH ESTER**                                                **SECTION I**

ORDER AND REASONS

Before the Court is defendant Keith Ester's ("Ester") motion[1] to expunge his criminal record. Ester seeks to expunge his record "for job purposes," stating that he has been turned down for job opportunities.[2] The government opposes the motion, arguing that Ester fails to assert a basis for expungement.[3] Pursuant to an October 12, 2006 guilty plea, Ester's conviction in this matter is for conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846.[4]

The Fifth Circuit has recognized only two contexts in which federal courts may order a defendant's records expunged: "(1) where the defendant has a specific statutory right to expungement, and (2) where the record retention constitutes an affirmative violation of his constitutional rights." *United States v. Corkern*, No. 24-60189, 2024 WL 5199332, at *2 (5th Cir. Dec. 23, 2024). To show an affirmative violation of constitutional rights, a defendant "must assert a specific rights violation . . . by the executive actors holding the records of the overturned conviction." *Sealed*

---

[1] R. Doc. No. 62.
[2] *Id.*
[3] R. Doc. No. 68.
[4] R. Doc. No. 55.

*Appellant v. Sealed Appellee*, 130 F.3d 695, 699 (5th Cir. 1997). However, courts lack the authority to expunge records of a conviction merely because the conviction has been overturned, and it lacks power to expunge records "in which the validity of the original conviction is unquestioned." *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986).

Ester does not assert a statutory right to expungement. Nor does he state a basis for this Court to question the validity of his conviction. This Court therefore lacks authority to order Ester's criminal records expunged. Accordingly,

**IT IS ORDERED** that Ester's motion is **DENIED**.

New Orleans, Louisiana, May 30, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**